IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WORLDSPAN, L.P., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 03-1081 JJF |
| | : |
| THE ULTIMATE LIVING GROUP, LLC, | : In Admiralty |
| and JOHN RANDALL LASSITER, III | : |
| | : |
| Defendants. | : |

Michael B. McCauley, Esquire of PALMER, BIEZUP & HENDERSON,
Wilmington, Delaware.
Attorney for Plaintiff.

James E. Huggett, Esquire of FLASTER GREENBERG, Wilmington,
Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

September 16, 2005
Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is the Motion Of John Randall Lassiter, III To Dismiss The Complaint In This Civil Action (D.I. 21). For the reasons set forth below, the Court will grant the Motion in part and deny the Motion in part.

## BACKGROUND

This is an action in Admiralty for breach of a maritime contract. Plaintiff Worldspan, L.P. ("Worldspan") further alleges claims of unjust enrichment, conversion, and a violation of Delaware's Deceptive Trade Practices Act. The substance of Plaintiff's allegations is that it entered into a contract with Defendants for a one-day charter of the motor yacht Altair in St. Tropez, France; that it made advance payment in full in the amount of $56,680; that Defendants failed to perform their obligations under the contract; and that Defendants have wrongfully retained Plaintiff's payment.

Worldspan filed this lawsuit on December 1, 2003. (D.I. 1.) Default judgment was entered against Defendant The Ultimate Living Group, LLC on April 30, 2004. (D.I. 11.) A Motion to Vacate (D.I. 32) that judgment is currently pending before the Court. Defendant, John Randall Lassiter, III ("Lassiter") filed the instant Motion on December 1, 2004.

Worldspan is a Delaware limited partnership. Defendant The

1

Ultimate Living Group, LLC is a Delaware Limited Liability Company. The Complaint alleges that Defendant Lassiter is a Delaware citizen.

## PARTIES' CONTENTIONS

Defendant Lassiter contends that the Complaint as it relates to him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.[1] Specifically, with regard to Counts One, Two, and Three of the Complaint, breach of contract, unjust enrichment, and conversion, Defendant Lassiter contends that Worldspan has failed to allege facts sufficient to establish his liability. With regard to Count Four, alleging violation of Delaware's Deceptive Trade Practices Act, 6 Del. C. § 2531 et seq. ("DTPA"), Defendant Lassiter contends that Worldspan lacks standing to bring a claim against him under the DTPA because Worldspan's relationship with him was that of a consumer with a seller of services and not that of competing business entities as required for standing under the DTPA.

In response, Worldspan contends, with regard to Counts One, Two, and Three, that the Complaint does include all of the necessary factual allegations that Defendant Lassiter contends

---

[1] In addition to his Rule 12(b)(6) contention, Defendant Lassiter asserts that service of process on him was insufficient and that the Court lacks personal jurisdiction over him. However, he provides no argument in support of these assertions so the Court will not consider them.

were omitted, and that his contentions amount to nothing more than disputes of fact. With regard to Count Four, Worldspan contends that a plaintiff who stands in a consumer to seller of services relationship with a defendant does have standing to bring a claim of deceptive trade practices under the DTPA.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has

failed to state a claim upon which relief may be granted rests on the movant. <u>Young v. West Coast Industrial Relations Assoc., Inc.</u>, 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

## DISCUSSION

After reviewing the Complaint (D.I. 1), Defendant Lassiter's Motion (D.I. 21), Plaintiff's Brief In Opposition (D.I. 25), and Defendant Lassiter's Reply (D.I. 31), the Court concludes that each of Counts One, Two, and Three of the Complaint alleges facts sufficient to state a claim upon which relief can be granted. With regard to Count One, breach of contract, Defendant Lassiter is mistaken in contending that the Complaint fails to allege the existence of a contract between Worldspan and him personally. The Complaint alleges that "Defendants have breached this contract with Worldspan . . . ." (D.I. 1 at 4.) Assuming the truth of this allegation, the Court can reasonably infer the existence of a contract between Worldspan and Defendant Lassiter. The real issue here is whether there was a contract between Worldspan and Lassiter. This is a factual dispute that cannot be resolved through a 12(b)(6) motion. Similarly, the Court concludes that Defendant Lassiter's contentions with regard to Counts Two and Three present factual disputes not omissions of necessary allegations of fact.

For example, with regard to Count Two, unjust enrichment,

Defendant Lassiter contends that "the complaint makes no statements about 'the absence of justification' . . . ." for the Defendants' retention of Plaintiff's payment. (D.I. 21 at 11.) However, the Complaint does allege that "Defendants have no legal or equitable basis for refusing to refund Worldspan's payment of $56,680." (D.I. 1 at 5.) Similarly, with regard to Count Three, conversion, Defendant Lassiter contends that "there is no allegation that Defendant Lassiter personally exercised unlawful control over any of Plaintiff Worldspan's property. (D.I. 21 at 12.) However, the Complaint does allege that "Defendants have exercised wrongful and unlawful dominion over Worldspan's funds . . . ." (D.I. 1 at 5.)

With regard to Count Four, violation of Delaware's Deceptive Trade Practices Act, the Court concludes that Plaintiff lacks standing to bring this claim under the DTPA. The Delaware Supreme Court has concluded that "a litigant has standing under the DTPA only where such person has a business or trade interest at stake which is the subject of interference by the unfair or deceptive trade practice of another." Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 70 (Del. 1993). Delaware's Consumer Fraud Act, 6 Del. C. § 2511 et seq., provides remedies for violations of the "vertical" relationship between a consumer and a seller of services, while the DTPA is limited to redressing unreasonable or

5

unfair interference with the "horizontal" relationship between businesses. Id. The Court finds that Worldspan's relationship to Defendants is that of a consumer to sellers of services, thus, Worldspan lacks standing to bring a claim against Defendant Lassiter under the DTPA.

Plaintiff contends that the Grand Ventures decision was legislatively overruled by the enactment of subsection (d) to § 2533 of the DTPA. (D.I. 25 at 5.) However, subsection (d) is a grant of standing to Delaware's Attorney General to bring actions under the DTPA, 6 Del. C. § 2533(d), and does not confer standing on Plaintiff in this case.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion Of John Randall Lassiter, III To Dismiss The Complaint Filed In This Civil Action (D.I. 21) with regard to Count Four of the Complaint, deceptive trade practices, and will deny the Motion with regard to Counts One, Two, and Three, breach of contract, unjust enrichment, and conversion.

An appropriate Order will be entered.

6