IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WORLDSPAN, L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 03-1081-JJF |
| | : | |
| THE ULTIMATE LIVING GROUP, LLC, | : | In Admiralty |
| and JOHN RANDALL LASSITER, III, | : | |
| | : | |
| Defendants. | : | |

---

Michael B. McCauley, Esquire of PALMER, BIEZUP & HENDERSON,
Wilmington, Delaware.
Attorney for Plaintiff.

James E. Huggett, Esquire of HARVEY, PENNINGTON LTD., Wilmington,
Delaware.
Attorney for Defendants.

---

**MEMORANDUM OPINION**

April 20, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is the Motion Of Harvey, Pennington LTD. For Leave To Withdraw As Counsel To Co-Defendant John Randall Lassiter III (D.I. 63).   For the reasons discussed, the Court will deny the Motion.

By their Motion, Defendants' counsel, Harvey, Pennington, LTD. ("Harvey Pennington") seeks leave to withdraw as counsel to Defendant John Randall Lassiter, III ("Lassiter") because Harvey Pennington has had difficulty communicating with Lassiter and Lassiter is not assisting Harvey Pennington in their efforts to prepare his defense.   Plaintiff Worldspan, L.P. ("Worldspan") opposes Harvey Pennington's Motion, contending that withdrawal would prejudice its efforts to obtain and enforce a default judgment against Lassiter.   (D.I. 64.)

Because substitute counsel has not entered an appearance on Lassiter's behalf, the decision whether to allow Harvey Pennington to withdraw is within the discretion of the Court. Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 679 (3d Cir. 1986); see Del. Local Rule 83.7.   In Ohntrup, the Third Circuit concluded that "a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned. "   Id. at 680.   In considering

1

motions to withdraw as counsel, courts take into account factors such as the reasons why withdrawal is sought, the prejudice withdrawal may cause to the litigants, the delay in the resolution of the case which would result from withdrawal, and the effect of withdrawal on the efficient administration of justice.  Rusinow v. Kamara, 920 F.Supp. 69, 71 (D.N.J. 1996); Chester, v. The May Department Store Co., 2000 WL 12896, *1 (E.D. Pa. Jan. 7, 2000).  A court may also consider the effect of withdrawal on communications between the litigants and the Court. Ohntrup, 802 F.2d at 679.

Here, the Court cannot conclude that the continued appearance of Harvey Pennington on behalf of Lassiter would serve no meaningful purpose.  Several of the factors that the Third Circuit found compelling in affirming the District Court's denial of a Motion to Withdraw in Ohntrup are also present in this case. First, Lassiter apparently resides overseas.  Second, Lassiter has been an intractable litigant throughout the proceedings in this matter.  Third, there are significant difficulties in communicating with Lassiter.  Although Harvey Pennington shares these communications difficulties to some degree, Harvey Pennington has had at least some communication with Lassiter,[1]

---

[1]In their Motion, Harvey, Pennington states that "Lassiter has disappeared almost entirely from contact with the Firm. . . . Lassiter has essentially ignored this lawsuit.  Phone calls and

whereas allowing them to withdraw would leave Worldspan and the Court with no possibility of effective communications with Lassiter.  Moreover, even if Lassiter terminates communications entirely, withdrawal at this stage would prejudice Worldspan by subjecting it to the difficulties of effecting service on an overseas resident with no attorney of record.

The Court's denial of Harvey Pennington's Motion will not cause them any undue hardship.  At this stage of the proceedings, it appears that Lassiter is in default and it is probable that the only future activity in this case with regard to Lassiter will relate to default judgment proceedings and execution. Harvey Pennington will likely be required to do little more on Lassiter's behalf than accept service of documents filed in the case.  In addition, the Court notes that Harvey Pennington does not seek to withdraw as counsel for The Ultimate Living Group, LLC, the other Defendant in this case, of which Lassiter is, or was President (D.I. 1 at ¶ 5) as well as a significant (D.I. 63 at ¶ 1), if not the only equity holder.

The Court concludes that, on balance, the prejudice to Worldspan that withdrawal at this stage would entail and the need

_____

e-mails are <u>almost</u> never returned . . . ." (D.I. 63 at ¶ 3 (emphasis added).)

3

for the efficient administration of justice outweigh Harvey,

Pennington's arguments.

    An appropriate order will be entered.